# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-227 |
| | § | Judge Mazzant |
| H&A PIONEER, INC d/b/a CLOUD 9 | § | |
| SMOKE SHOP, and AMJAD NATHA, | § | |
| | § | |
| *Defendants.* | § | |

### FINAL DEFAULT JUDGMENT

Pending before the Court is Plaintiff's Motion for Default Final Judgment Against Both Defendants (Dkt. #13). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion for Default Final Judgment Against Both Defendants (Dkt. #13) should be **GRANTED in part and DENIED in part.**

### BACKGROUND

On March 20, 2023, Plaintiff GS Holistic, LLC ("GS Holistic") filed its complaint against Cloud 9 Smoke Shop and Hookah Lounge LLC, Bipen Rajbahak, and Vivek Rajbahak for trademark infringement and false designation of origin (Dkt. #1 ¶¶52–69). However, on May 1, 2023, GS Holistic amended its complaint to drop the previously listed defendants and added Defendants Amjad Natha and H&A Pioneer, Inc (collectively the "Nathas"). GS Holistic did not change its asserted causes of action in its amended complaint against the Nathas (Dkt. #6 ¶¶ 51–68). Since 2020, GS Holistic has marketed and sold products under the "Stündenglass" trademarks (Dkt. #6 ¶ 7). The Stündenglass trademarks consist of the following federally registered trademarks that GS Holistic owns: U.S. Trademark Registration Number 6,174,291, U.S. Trademark Registration

Number 6,174,292, and U.S. Trademark Registration Number 6,633,884 (Dkt. #6 ¶ 10). GS Holistic claims that Stündenglass branded products, such as glass infusers and related accessories, "are widely recognized nationally and internationally" (Dkt. #6 ¶ 7). "[B]ecause of the recognized quality and innovation associated with the Stündenglass [trademarks,] consumers are willing to pay higher prices for genuine Stündenglass products" (Dkt. #6 ¶ 20). The price of a Stündenglass brand glass infuser is $599.95 (Dkt. #6 ¶ 20).

GS Holistic claims that the Nathas have and continue to sell counterfeit Stündenglass products bearing the Stündenglass trademarks without GS Holistic's consent (Dkt. #6 ¶¶ 24–25). Further, GS Holistic claims that the marks on the counterfeit products "are identical with, or substantially indistinguishable from the Stündenglass [t]rademarks" (Dkt. #6 ¶ 27). In one (1) instance, the Nathas sold a counterfeit product bearing the Stündenglass trademarks for a price of $378.88 to an investigator working for GS Holistic (Dkt. #13, Exhibit 2 ¶ 7).

GS Holistic served the Nathas on May 28, 2023 (Dkt. #10; Dkt. #10, Exhibit 1). The Nathas did not respond to GS Holistic's amended complaint (Dkt. #13 at p. 5). On August 18, 2023, the clerk entered default against the Nathas (Dkt. #12). On October 21, 2023, GS Holistic filed the present motion for default judgment pursuant to Federal Rule of Civil Procedure 55, seeking statutory damages, litigation expenses and costs, injunctive relief, and destruction of the Nathas' Stündenglass products (Dkt. #13). Again, the Nathas did not respond.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because the Nathas have not properly answered or otherwise appeared to defend against GS Holistic's claims and GS Holistic has obtained an entry of default, the first two (2) requisites for a default judgment have been met. Thus, the only remaining issue for determination is whether a default judgment is warranted.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted); *see AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973, 2017 WL 5626356, at *1 (N.D. Tex. Nov. 22, 2017) (quoting *Sun Bank*, 874 F.2d at 276) (explaining that default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party") (internal quotation marks omitted). While "[t]he Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. v3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (cleaned up) (quoting *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933,

936 (5th Cir. 1999)). Rule 55(b)(2) grants district courts wide latitude in this determination, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And even though entry of a default judgment is reviewed for abuse of discretion, *Sindhi v. Raina*, 905 F.3d 327, 330 (5th Cir. 2018), because of "the seriousness of a default judgment, . . . even a slight abuse of discretion may justify reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (brackets omitted) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)).

## ANALYSIS

Courts in the Fifth Circuit utilize a three-part test to determine whether default judgment is appropriate: (1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive. *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted). The Court applies this framework and finds that default judgment is appropriate.

### I. Whether Default Judgment is Procedurally Warranted

The Court must first determine whether a default judgment is procedurally warranted. The Fifth Circuit in *Lindsey* recognized six (6) factors relevant to the inquiry of whether a default judgment is procedurally warranted:

> whether material issues of fact exist; whether there has been substantial prejudice; whether the grounds for default are clearly established; whether the default was caused by a good faith mistake or excusable neglect; the harshness of a default judgment; and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). GS Holistic argues these factors demonstrate that default judgment is procedurally warranted. After reviewing GS Holistic's

4

motion, the Court agrees that default judgment is procedurally warranted because the grounds for default are established, the Nathas will not be substantially prejudiced, and there is no evidence of a good faith mistake by the Nathas.

### A. No Issues of Material Fact Are Present

There are no issues of material fact present in this case. "The [Nathas], by [their] default, admit[] [GS Holistic's] well-pleaded allegations of fact, [are] concluded on those facts by the judgment, and [are] barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal citations omitted). Because the Nathas did not answer GS Holistic's amended complaint or otherwise appear, the Nathas admit GS Holistic's well-pleaded allegations of fact, except regarding damages. *Id.* Therefore, there are no issues of material fact.

### B. Default Judgment Would Not Be Harsh or Result in Substantial Prejudice

Entry of default judgment would not be harsh or result in substantial prejudice to the Nathas. The Nathas did not respond to the claims asserted in this matter. Further, the Nathas received ample notice of the suit, as amended the complaint was filed on May 1, 2023 (Dkt. #6), and all summonses were returned executed by May 18, 2023. (Dkt. #10; Dkt. #10, Exhibit 1). Taking the well-pleaded facts as true, GS Holistic has asserted a valid cause of action. Furthermore, GS Holistic properly requested entry of judgment in its favor. (Dkt. #12). Thus, a default judgment is not unusually harsh in this case because the Nathas have had ample opportunity to respond after receiving notice of this action. *See Cunningham v. Crosby Billing Servs., Co.*, Civ. A. No. 4:18-CV-00043, 2018 WL 6424792, at *3 (E.D. Tex. Oct. 14, 2018).

Moreover, because the Nathas' failure to file responsive pleadings "threatens to bring the adversary process to a halt," GS Holistic has experienced prejudice "in pursuing its rights afforded by law." *Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Accordingly, the record supports a finding that default judgment would not be harsh or result in substantial prejudice.

## C. Grounds for Default Judgment Are Clearly Established

The grounds for default judgment are clearly established. Default occurs when a defendant fails to plead or otherwise respond to the amended complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. The record indicates that GS Holistic perfected service of process on the Nathas (Dkt. #7; Dkt. #8; Dkt. #10; Dkt. #10, Exhibit 1). Therefore, the Nathas were required to serve an answer to the amended complaint or otherwise respond. However, the Nathas did not respond. As such, an entry of default was warranted (Dkt. #12).

As of this date, the Nathas have not served or filed any responsive pleadings to the request for entry of default or the present motion for default judgment. When a defendant's failure to respond is "plainly willful, as reflected by [a defendant's] failure to respond to either summons and complaint, the entry of default, or motion for default," then grounds for default are clearly established. *See Graham*, 2017 WL 2600318, at *2 (alteration in original). Thus, the Court finds that the grounds for default against the Nathas are clearly established.

### D. Default is Not Due to Excusable Neglect or Good Faith Mistake

The Nathas did not default due to excusable neglect or a good faith mistake. Again, GS Holistic properly served the Nathas (Dkt #10; Dkt. #10, Exhibit 1). The Nathas did not respond, let alone offer evidence that the unresponsiveness was due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Further, nothing in the record indicates that GS Holistic has contributed to the delay of this action or otherwise given the Court any reason to set aside default judgment. GS Holistic, accordingly, has met the procedural requirements for default judgment.

## II. The Pleadings' Basis for Default Judgment

After establishing default is procedurally warranted, the Court must determine if there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although the Nathas are deemed to have admitted the allegations set forth in the amended complaint considering an entry of default, the Court must review the pleadings to determine whether the amended complaint presents a sufficient basis for relief. *Lindsey*, 161 F.3d at 893. The Fifth Circuit "draw[s] meaning from the caselaw on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

The Lanham Act creates "separate causes of action for infringement of a registered mark

and an unregistered mark." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.8 (5th Cir. 2010). Section 32(1) of the Lanham Act, which is codified as 15 U.S.C. § 1114(1), "creates a cause of action for infringement of *registered* marks[.]" *See Rex Real Est. I, L.P. v. Rex Real Est. Exch. Inc.,* 80 F.4th 607, 616 (5th Cir. 2023) (emphasis added). On the other hand, Section 43(a), which is codified as 15 U.S.C. § 1125(a), "creates a cause of action for infringement of *unregistered* marks." *Id.* (emphasis added); *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 144 (2015). To prevail in either cause of action, a plaintiff must show "(1) it possesses a legally protectable trademark and (2) [the defendant's] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Rex Real Est. I,* 80 F.4th at 616 (quoting *Streamline Prod. Sys. Inc. v. Streamline Mfg., Inc.,* 851 F.3d 440, 450 (5th Cir. 2017)).

The Court does not address GS Holistic's claim for false designation of origin under 15 U.S.C. § 1125(a) because GS Holistic only seeks to protect its registered trademarks. As GS Holistic only seeks to protect its registered trademarks, trademark infringement under 15 U.S.C. § 1114(1) is the appropriate vehicle for its claim, rather than false designation of origin. *See Rex Real Est. I,* 80 F.4th at 616.

### A. Liability of Amjad Natha

Amjad Natha may be liable to GS Holistic in his individual capacity despite GS Holistic's allegations making few differentiations between the two (2) Nathas. "A corporate officer may be personally liable for trademark infringement when an individual performs the act or does things that the patent or trademark law protects against." *Virtuoso, Ltd. v. Web Deals Direct, LLC*, No. 3:20-CV-383-K, 2021 WL 784140, at *4 (N.D. Tex. Jan. 29, 2021) (citing *Taylor Made Golf Co., Inc. v. MJT Consulting Grp.*, LLC, 265 F. Supp. 2d 732, 746 (N.D. Tex. 2003). Specifically, "a

corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, No. 3:11-cv-3237-D, 2012 WL 1571080, at *4 (N.D. Tex. May 4, 2012) (quoting *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)).

In its amended complaint, GS Holistic claims that "[Amjad Natha] authorized, directed, and/or participated in [H&A Pioneer, Inc's] offer for sale, in commerce, of the Counterfeit Goods. [Amjad Natha's] acts were a moving, active, and conscious force behind [H&A Pioneer, Inc's] infringement of the Stündenglass Trademarks" (Dkt. #6 ¶ 30). These factual allegations are sufficient for GS Holistic to hold Amjad Natha liable in his individual capacity, so long as its other factual allegations are sufficient to establish trademark infringement. *See John Crane Prod. Sols.*, 2012 WL 1571080, at *4.

### B. Liability of the Nathas

First, GS Holistic possesses three (3) legally protectable trademarks. Proof that a mark has been registered with the United States Patent and Trademark Office "constitutes prima facie evidence that the mark is valid, and that the registrant has the exclusive right to use the registered mark in commerce with respect to the specified goods or services." *Amazing Spaces, Inc.*, 608 F.3d at 237 (citing 15 U.S.C. §§ 1057(b), 1115(a)). GS Holistic has registered each of the following trademarks with the United States Patent and Trademark Office: U.S. Trademark Registration Number 6,174,291, U.S. Trademark Registration Number 6,174,292, and U.S. Trademark Registration Number 6,633,884 (Dkt. #6 ¶ 10). Therefore, GS Holistic has made a prima facie case that the Stündenglass trademarks are valid and that it has the exclusive rights to use these marks

in commerce with respect to the specified goods." *Amazing Spaces, Inc.*, 608 F.3d at 237.

Second, GS Holistic has shown that the Nathas' conduct is likely to cause confusion. The Fifth Circuit has identified non-exhaustive "digits of confusion" to guide courts in determining whether use of a mark has created a likelihood of confusion. *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 814 (5th Cir. 2019). These digits include:

> (1) Strength of the mark; (2) mark similarity; (3) product or service similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers.

*Id.* However, this test is unnecessary when the allegedly infringing product uses the exact same mark that a plaintiff owns. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 310–11 (5th Cir. 2008). GS Holistic claims that the Nathas used marks in their counterfeit products that are "identical with, or substantially indistinguishable from, the Stündenglass [trademarks]" (Dkt. #6 ¶ 47). Therefore, GS Holistic has shown that a likelihood of confusion exists as to the Nathas' conduct. Its amended complaint is sufficiently well-pled to support judgment in its favor on its federal trademark infringement claims under 15 U.S.C. 1114(1).

**III.    Form of Relief**

"A defendant's default concedes the truth of the allegations of the [c]omplaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). A hearing or detailed affidavits establishing the facts necessary to award damages are usually required unless the amount of damages is capable of mathematical calculation by reference to the pleadings and supporting documents. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Here, GS Holistic requests statutory damages, litigation expenses

and costs, injunctive relief, and destruction of the allegedly infringing products (Dkt. #13). GS Holistic's affidavits are sufficiently detailed that the Court can determine the damages award without a hearing.

### A. Statutory Damages

GS Holistic requests an award of statutory damages for trademark infringement against the Nathas under 15 U.S.C. § 1117(c) (Dkt. #6 at p. 13; Dkt. #13 at p. 9–12). The Court has wide discretion to determine a just amount for statutory damages for trademark infringement. *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. CV H-16-35, 2016 WL 6436557, at *3 (S.D. Tex. Oct. 31, 2016). Further, a plaintiff may elect to receive statutory damages instead of actual damages any time before final judgment is entered. 15 U.S.C. § 1117(c). When a counterfeit mark is present, a plaintiff may receive statutory damages of either:

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

*Id.* Statutory damages are particularly helpful in the default judgment context because "counterfeit records are frequently nonexistent, inadequate, or deceptively kept . . . making proving actual damages in these cases extremely difficult if not impossible." *Rolex Watch U.S.A., Inc. v. Munn*, No. 6:19-CV-323-JCB, 2019 WL 7500499, at *3 (E.D. Tex. Nov. 7, 2019) (quoting *Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003)); *Viahart, LLC v. Chickadee Bus. Sols.*, LLC, No. 6:19-CV-406-JCB, 2021 WL 6333033, at *14 (E.D. Tex. July 2, 2021).

GS Holistic specifically requests that the Court award it $150,000.00 (at $50,000 per infringed trademark) (Dkt. #13 at p. 11). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." *Rolex Watch U.S.A.*, 2019 WL 7500499, at *3 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *Rolex Watch, USA, Inc. v. Brown*, No. 1-CV-9155, 2002 WL 1226863, at *2 (S.D.N.Y. 2002) (finding that where "the issue is statutory damages," the court can hold an inquest into damages "on a paper record" rather than through an in-person court hearing).

Courts consider the following factors in setting statutory damage awards:

(1) expenses saved and profits reaped; (2) revenues lost by plaintiff; (3) the value of the copyright; (4) deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendants.

*Better Keiki, LLC v. MairicoDirect*, 4:17-CV-850, 2018 WL 5305571, at *6 (E.D. Tex. Aug. 29, 2018) (citing *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986).

First, GS Holistic has not provided any information regarding the Nathas' financial information. Therefore, this factor is neutral.

Second, GS Holistic claims that its 2021 sales for Stündenglass products would have been approximately $38,400,000.00 if the market had not been impacted by fake Stündenglass products (Dkt. #13, Exhibit 3 ¶ 16). However, its 2021 sales for Stündenglass products were approximately $9,600,000.00 (Dkt. #13, Exhibit 3 ¶ 16). GS Holistic does not provide any rationale for why its 2021 sales for the Stündenglass products would have been four (4) times higher if the market had

not been impacted by fake Stündenglass products (Dkt. #13, Exhibit 3 ¶ 16). Therefore, this factor is neutral.

Third, Christopher Folkerts, the Chief Executive Officer of GS Holistic and the affiant of GS Holistic's second and third supporting affidavits, claims that the Stündenglass trademarks "have earned a new meaning, as owning a Stündenglass product is considered among the best portable vaporizers available" (Dkt. #13, Exhibit 2 ¶ 10). Folkerts claims that this goodwill and reputation derives from the "high quality" of GS Holistic's products (Dkt. #13, Exhibit 2 ¶ 9). However, Folkerts has not provided objective measures demonstrating the value of the Stündenglass trademarks. Therefore, this factor is neutral.

Fourth, a strong deterrent effect would exist from an increased statutory damages award. Folkert claims that GS Holistic estimates that three (3) out of every ten (10) products sold are counterfeit (Dkt. #13, Exhibit 3 ¶ 16). Further, this Court has found over 30 cases in which one (1) or more defendants were found to infringe on the Stündenglass trademarks through the sale of counterfeit products. *See*, *e.g.*, *GS Holistic, LLC v. Purple Haze of Seminole, LLC*, No. 8:22-CV-2113, 2023 WL 3629705 (M.D. Fla. May 8, 2023). Therefore, the sale of counterfeit Stündenglass products appears to be common. This factor favors an increased statutory damages award.

Fifth, the Court declines to find that the Nathas willfully infringed the Stündenglass trademarks. Courts "have found willful conduct where a defendant acts with 'reckless disregard for, or [with] willful blindness' toward a trademark owner's rights." *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 685, 693 (W.D. Tex. 2008) (quoting *Berg v. Symons*, 393 F. Supp. 2d 525, 539–40 (S.D. Tex. 2005)). Willful blindness occurs where a defendant "knows his actions constitute an infringement; the actions need not have been malicious." *Better Keiki*, 2018 WL 5305571, at *6

(citing *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988)). "Further, a defendant's failure to defend itself allows the Court to infer willfulness." *Viahart*, 2021 WL 6333033, at *14 (E.D. Tex. July 2, 2021) (citing *Munn*, 2019 WL 7500499, at *4). Other than a discrepancy in price and this inference, no evidence of willful infringement exists (Dkt. #13, Exhibit 2 ¶ 7). Without greater evidence of willful infringement, the Court does not find that the Nathas willfully infringed the Stündenglass trademarks. Therefore, this factor favors a decreased statutory damages award.

Sixth, although the Nathas have not responded to this suit, GS Holistic has not provided any information on whether the Nathas have cooperated with it in the events leading up to and during this suit. Therefore, this factor is neutral.

Seventh, GS Holistic has not shown that statutory damages will deter future infringement by the Nathas. GS Holistic has only shown the sale of one (1) infringing product by the Nathas (Dkt. #13, Exhibit 2 ¶¶ 6-7). Further, GS Holistic has not demonstrated that the Nathas continue to sell products bearing infringing marks.[1] Therefore, this factor is neutral.

Overall, the Court finds that an award of $50,000 per infringed upon trademark is inappropriate. The only factor supporting an award of damages based on the evidence GS Holistic presented is the deterrence of counterfeiters other than the Nathas. Notably, GS Holistic has not shown that the Nathas' infringement was willful, and it has only provided evidence that the Nathas sold one (1) infringing product. Considering that the only supporting factor does not relate to the

---

[1] A hearing or detailed affidavits establishing the facts necessary to award damages are usually required unless the amount of damages is capable of mathematical calculation by reference to the pleadings and supporting documents. *See United Artists Corp.*, 605 F.2d at 857. Although GS Holistic claims in its amended complaint that the Nathas continue to sell counterfeit Stündenglass products, this claim alone is not sufficient for the purposes of damages (Dkt. #6 ¶¶ 24–25). GS Holistic has not shown that the Nathas continue to sell counterfeit Stündenglass products for the purposes of proving damages because no supporting affidavits suggest that situation.

Nathas' conduct and GS Holistic has only revealed a single infringing sale, the Court awards statutory damages of $1,000 per infringed upon mark per defendant to GS Holistic, for a total of $3,000 from Amjad Natha and $3,000 from H&A Pioneer, Inc.

### B. Costs of Litigation

Pursuant to 15 U.S.C. § 1117(a), GS Holistic is entitled to recover "the costs of the action" because of the violations of its federally registered trademarks. GS Holistic requests $402.00 for the filing fee, $665.00 for the process server fee, and $443.88 for investigation fees (Dkt. #13 at p. 12; Dkt. #13, Exhibit 1 ¶ 6). Courts within the Fifth Circuit have limited costs of the action to the categories within 28 U.S.C. § 1920. *Roor Int'l BV v. AKS1 Enter., Inc.*, No. H-18-3835, 2019 WL 3500911, at *4 (S.D. Tex. Aug. 1, 2019); *Coach, Inc. v. J-Design Accessory, LLC*, No. 5:12-CV-98, 2013 WL 12140973, at *4 (S.D. Tex. Sept. 27, 2013). The available categories for costs do not include private process servers or investigation fees.[2] Therefore, GS Holistic may only recover the filing fee of $402.00 for the costs of the action.

### C. Permanent Injunction

The Court declines to issue GS Holistic's requested permanent injunction. The party seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent

---

[2] The recoverable categories of costs under 28 U.S.C. 1920 include: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under 28 U.S.C. 1923; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

injunction. *EBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 478 n.39 (5th Cir. 2020) (reminding the parties and the district court that a plaintiff must satisfy "the traditional four-factor test" before "permanent injunctive relief can be awarded"). The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. *Id.* GS Holistic did not analyze these factors in its request for a permanent injunction Dkt. #13 at pp. 12–13. Further, GS Holistic's requested injunction exceeds the scope of the relief requested in its amended complaint (*Compare* Dkt. #6 at pp. 13, *with* Dkt. #13 at pp. 12). Therefore, the Court will not issue GS Holistic's requested injunction at this time because GS Holistic did not carry its burden.

### D. Destruction of Infringing Products

The Court will require the Nathas to deliver all infringing products to GS Holistic for destruction. 15 U.S.C. 1118 authorizes courts to order the delivery and destruction of productions bearing an infringed registered trademark. GS Holistic requests that the Court order the Nathas to deliver all products bearing the Stündenglass trademarks to GS Holistic for destruction (Dkt. #13 at p. 13).

GS Holistic has demonstrated that the Nathas sold at least one (1) counterfeit Stündenglass product (Dkt. #13, Exhibit 2 ¶¶ 6–7). Therefore, the Court will grant GS Holistic's request with the modification that it only applies to counterfeit Stündenglass products (and other related items).

The Court orders the Nathas, at their cost, to deliver to GS Holistic for destruction all counterfeit products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the

16

Stündenglass trademarks (U.S. Trademark Registration Number 6,174,291, U.S. Trademark Registration Number 6,174,292, and U.S. Trademark Registration Number 6,633,884).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Default Final Judgment Against Both Defendants (Dkt. #13) is hereby **GRANTED in part and DENIED in part.**

It is further **ORDERED** that Amjad Natha and H&A Pioneer, Inc will each pay $3,000.00 to GS Holistic as statutory damages for trademark infringement.

It is further **ORDERED** that the Nathas will pay $402.00 to GS Holistic for the costs of the action.

It is further **ORDERED** that the Nathas, at their cost, deliver to GS Holistic for destruction all counterfeit products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass trademarks (U.S. Trademark Registration Number 6,174,291, U.S. Trademark Registration Number 6,174,292, and U.S. Trademark Registration Number 6,633,884).

**IT IS SO ORDERED.**
**SIGNED this 3rd day of January, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE